IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRANCE MASSEY, #168-983 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AMD-06-758 |
| PATUXENT INSTITUTIONAL BOARD OF REVIEW, | * | |
| Defendant | * | |
| | *** | |

MEMORANDUM

In this civil rights action, filed on March 23, 2006, plaintiff alleges he has been improperly transferred from Patuxent Institution. Plaintiff seeks compensatory damages and injunctive relief. Paper No. 1. Counsel for defendant has filed a dispositive motion, and plaintiff has filed a response. Paper Nos. 11, 17 and 21. No hearing is needed to resolve the question as to whether plaintiff is entitled to relief. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, defendant's motion to dismiss and/or for summary judgment, shall be granted.

*Background*

In 1983, plaintiff pled guilty to first degree murder and was sentenced to life with all but 40 years suspended. The sentencing court recommended plaintiff be referred to the Patuxent Institution. Plaintiff states that on November 29, 1984, he was accepted into the "eligible person program" at Patuxent Institution. Over the years he earned his general equivalence degree and numerous certificates. Paper No. 1.

On February 16, 1995, plaintiff was granted work release status. On December 13, 1997,

he was removed from work release and returned to Patuxent Institution.[1] *Id.*

Upon plaintiff's return to the Patuxent "eligible person program," he participate in additional programming. *Id*. On November 4, 2004, the Patuxent Institution Board of Review ("Board") declined to grant plaintiff "accompanied day leave" status, despite a unit team recommendation in favor of such status. Plaintiff states that he was not given a reason for the denial, in contravention of the Code of Maryland Regulations ("COMAR").

A year later plaintiff was again recommended for "accompanied day leave status" by his unit doctors. The Board again declined to grant such status and further found that plaintiff was no longer qualified for Patuxent's "eligible person program." *Id*. Plaintiff states that the decisions to deny him "accompanied day leave status" and to remove him from the "eligible person program" were made in violation of COMAR provisions governing the Board. Plaintiff also states that a former state's attorney who was involved in his criminal trial served on the Board and acted improperly in denying plaintiff "accompanied day leave status." *Id*.

Plaintiff was subsequently transferred to the Maryland Correctional Institution-Hagerstown ("MCI-H"). Plaintiff states that at MCI-H he is locked in his cell for more than 17 hours per day, in contrast to his treatment at Patuxent where he was permitted to be out of his cell as much as he chose, his cell door remaining opened and unlocked. Plaintiff states that at MCI-H, his visits with his wife and family occur with less frequency and are of shorter duration than when he was housed at Patuxent and that he is not permitted physical contact with his family during those visits. Plaintiff also states that he earns less money per month from his job at MCI-H than he earned at Patuxent,

---

[1]Plaintiff alleges he was charged with escape from the work release program. The charge was subsequently modified to a finding of a "failure to return within one hour of the time due" and he was ultimately returned to the "eligible person program."

and that this lack of money adversely affects his ability to call his family. *Id.*

*Standard of Review*

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

*Analysis*

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court for cases of this sort. Thus, plaintiff's complaint against Patuxent Institutional Board of Review, a state agency, is barred by the Eleventh Amendment.

In order to state a claim for denial of due process under the Fourteenth Amendment, plaintiff must allege that a constitutionally protected life, liberty or property interest was at stake. The

Constitution itself does not give prisoners an interest in being classified to a particular prison, security level or job. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution.").

While a state can create a constitutionally protected liberty interest, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relations to the ordinary incidents of prison life." *Sandin v. Conner*, 515, U.S. 472, 484 (1995).[2] Denial of a reduction to a lesser security status, refusal of a transfer to a minimum security institution (or transfer from one), or denial of placement in favorable prison programs, are simply not decisions evidencing atypical or significant hardships in ordinary prison life. *Id*.

Specifically, prisoners do not have a constitutionally protected right to work while incarcerated or to remain in a particular job once assigned. *See Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992); *Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978). There is also no constitutionally protected right to an award of industrial work credits while incarcerated, as inmates have no liberty interest in shortening their sentences by earning diminution credits. *See Sandin,*

---

[2]Pre-*Sandin*, the Supreme Court and the lower federal courts concentrated on whether state action was discretionary or mandatory to determine if a liberty interest was established and due process protections thereby implicated. Thus, the liberty interest inquiry focused on the mandatory language and substantive predicates found in the pertinent regulation to determine whether an enforceable expectation in a particular outcome had been created. *See generally Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989); *Hewitt v. Helms*, 459 U.S. 460 (1983). Were this mode of analysis still appropriate, this court would find that Maryland law and DOC regulations do not create a protected liberty interest in being classified to a particular security level, in being assigned to a particular prison, or in being placed in favorable prison programs. *See Paoli v. Lally*, 812 F.2d 1489 (4th Cir. 1987).

*supra*. Plaintiff has no liberty interest in participating in a work program or receiving industrial work credits; thus, due process protections do not apply. *See Kitchen v. Upshaw,* 286 F. 3d 179, 188 (4th Cir. 2002).

Because plaintiff does not have any constitutionally protected liberty interests at stake, he has no entitlement to due process in connection with any of the deprivations alleged and this aspect of his claim shall be dismissed.

The final ground for relief is COMAR. Simply stated, plaintiff's contention that defendant violated its own procedural guidelines in denying him "accompanied day leave status" and in removing him from Patuxent Institution does not state an independent federal claim. *See Sandin*, 515 U.S. at 478-87.[3] As previously stated, plaintiff's allegations that the conduct of the Board resulted in his being transferred to a different facility does not rise to a constitutional violation.

*Conclusion*

For the foregoing reasons, defendants' motion to dismiss shall be granted. A separate Order follows.

Date: May 7, 2007                                   ___/s/_____
                                                    Andre M. Davis
                                                    United States District Judge

---

[3] While a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Orellana v. Kyle,* 65 F. 3d 29, 31 (5th Cir. 1995) ("prisoners may no longer peruse statutes and prison regulations searching for the grail of limited discretion.").